F. Christopher Austin
Nevada Bar No. 6559
*caustin@weidemiller.com*
Ryan Gile, Esq.
Nevada Bar No. 8807
*rgile@weidemiller.com*
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, Nevada 89128-8373
Tel. (702) 382-4804
Fax (702) 382-4805

Attorneys for Plaintiff
Executive VIP Services International

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EXECUTIVE VIP SERVICES INTERNATIONAL, INC., a Nevada corporation d/b/a VIP SPORTS LAS VEGAS,<br><br>    Plaintiffs,<br><br>    v.<br><br>DOMAINS BY PROXY, LLC, an Arizona limited liability company; and JOHN DOES 1-10,<br><br>    Defendants. | Case No.:  2:14-cv-00823-JCM-VCF<br><br><br>**TEMPORARY RESTRAINING ORDER** |

UPON CONSIDERATION of Plaintiff, Executive VIP Services International, Inc., d/b/a VIP Sports Las Vegas (herein "VIP Sports"), Ex-Parte Application for a Temporary Restraining Order and Motion for Preliminary Injunction for (1) an *ex parte* temporary restraining order requiring Defendants to immediately cease and desist all use of Plaintiff's names, trademarks and domain names and requiring the domain name registrar to transfer the <vipsportsvegas.com> domain name ("Defendants' Domain Name") to Plaintiff and place Defendant's Domain Name on hold; (2) a preliminary injunction requiring Defendants to transfer Defendants' Domain Name to Plaintiff; and (3) a preliminary injunction requiring the current domain name registrar to transfer Defendants' Domain Name to Plaintiff, the supporting

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

fca-w-0141                                    1                    Temporary Restraining Order

Memorandum of Points and Authorities with its exhibits, the record in this case, and for other good cause shown:

THE COURT FINDS THAT:

1. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 11221 and 28 U.S.C. §§ 1331 and 1338;

2. The Court has personal jurisdiction over Defendants in that Defendants regularly conduct business in the State of Nevada, including without limitation the operation of an interactive website accessible and transacting business in Nevada, and Defendants committed tortious acts that Defendants knew or should have known would cause injury to Plaintiff in the State of Nevada.

3. VIP Sports Las Vegas has made extensive use of the VIP SPORTS LAS VEGAS mark (the "VIP SPORTS Mark") in connection with Plaintiff's sports betting and handicapping consultation services over the preceding eleven years.

4. Plaintiff has registered a domain name <vipsportslasvegas.com> (the "VIP Sports Domain Name") and operates a website at that domain name through which it offers its services. The VIP Sports Domain Name is entirely comprised of the VIP SPORTS Mark with the addition of the top level domain <.com>.

5. Based on Plaintiff's extensive use of the VIP SPORTS Mark, VIP Sports owns the exclusive right to use the VIP SPORTS Mark in connection with sports betting and handicapping consultation services.

6. On or about April 15, 2014, unknown Doe Defendants registered the domain name <vipsportsvegas.com> ("Defendants' Domain Name") with GoDaddy.com, LLC and opened an interactive website under that domain name.

7. The identity of the Doe Defendants, however, is unknown because the Doe Defendants have contracted with Defendant Domains By Proxy in order to hide their identity. As a result of the Doe Defendants' contract with Domains By Proxy, Domains By Proxy is presently identified by GoDaddy as the registrant of Defendants' Domain Name.

8. Defendant's Domain Name infringes Plaintiff's VIP SPORTS Mark.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

fca-w-0141

2

Temporary Restraining Order

9.     Plaintiff VIP Sports will suffer irreparable injury if the Court does not require the domain name registrar, GoDaddy.com, LLC to lock Defendants' infringing <vipsportsvegas.com> domain name and transfer it to VIP Sports pending the litigation of this matter, because the infringing Defendants' Domain Name is used in connection with an interactive website that wholly copies the content and services offered on Plaintiff's website for the purpose of unfairly trading on the goodwill and reputation of Plaintiff and deceiving the consuming public.

10.    Plaintiff VIP Sports has demonstrated that it will suffer irreparable harm if a Temporary Restraining Order is not entered *ex-parte* and under seal because immediately upon notice of this suit and prior to a hearing, Defendants could transfer the infringing domain name to another registrant or registrar.  Transfer of the Infringing Domain Name to another registrant would deprive the Court of jurisdiction and require Plaintiff to file additional suits—if permissible in the subsequent jurisdictions—to seek to recover its intellectual property. Transfer of the infringing Defendants' Domain Name to another register would require Plaintiff to expend significant effort and financial resources to track the registration.

11.    VIP Sports has demonstrated a likelihood of success on the merits of its cybersquatting claims against Defendants under the Lanham Act, 15 U.S.C. § 1125(d).

12.    VIP Sports has demonstrated a likelihood of success on the merits of its unfair competition claims against Defendants under the Lanham Act, 15 U.S.C. § 1125(a).

13.    VIP Sports has demonstrated a likelihood of success on the merits of its common-law trademark infringement claims under Nevada law.

14.    The balance of hardships tips in favor of VIP Sports because issuance of the restraining order and injunction would merely lock and transfer the infringing domain name to VIP Sports pending trial, and failure to issue the restraining order and injunction would cause VIP Sports to continue to suffer irreparable injury to its name, reputation, and associated goodwill if Defendants are not enjoined from registering, maintaining the registration on or using domain names containing the VIP SPORTS Mark or marks confusingly similar to the VIP Sports name and Mark; and

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

3

fca-w-0141                                                    Temporary Restraining Order

15.     Not only is there is no likelihood of harm to the public from the issuance of the temporary restraining order now being granted, such an order furthers the public interest in enjoining activities that are likely to confuse and deceive the consuming public.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that: Plaintiff's *ex parte* Application for a Temporary Restraining Order is hereby GRANTED;

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(c), the domain name <vipsportsvegas.com> shall be immediately locked by the Registrar and/or its successor registrars and transferred to VIP Sports.

IT IS FURTHER ORDERED that Defendants will immediately cease and desist any and all use of VIP Sports' name and trademarks and any and all variants thereof, including use of the infringing <vipsportsvegas.com> domain name, and take all necessary actions to transfer the <vipsportsvegas.com> domain name to VIP Sports.

IT IS FURTHER ORDERED that the Registrar and/or its successor registrars shall remove all existing Domain Name Server (DNS) entries and corresponding addresses with regard to the <vipsportsvegas.com> domain name and enter the Registrar's default Domain Name Server and address entries to prevent further damage caused by the infringing domain name.

IT IS FURTHER ORDERED that Defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon VIP Sports within thirty (30) days after entry of this Order, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with this Court's Order; and

IT IS FURTHER ORDERED that VIP Sports shall post a nominal bond of one hundred dollars ($100) for the domain name at issue because the evidence indicates that Defendants will only suffer nominal, if any, damage by the issuance of this temporary restraining order.

**ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION**

UPON CONSIDERATION of VIP Sports' Motion, the Memorandum of Points and Authorities, the supporting declarations and exhibits, the papers and pleadings on file in this matter and for good cause shown;

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

fca-w-0141                                                    Temporary Restraining Order

1.     The Court hereby sets the hearing for Plaintiff's Motion for Preliminary Injunction on Monday, June 2, 2014 at 1:15 p.m.                in Courtroom __6A__ at the Lloyd D. George United States Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

2.     Further, the Court hereby sets the following briefing schedule related to Plaintiff's Motion:

　　　a.     Defendants, or each of them, shall file and serve opposition papers, if any, no later than _____May 28_____, 2014; and

　　　b.     Plaintiff shall file and serve its reply brief, if any, no later than ____ _____May 30_____, 2014.

3.     In addition, to ensure Defendants receive timely notice of the hearing, given that Defendants must maintain accurate contact information with the domain name registrar, VIP Sports may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to date on Defendants by electronic mail transmission.

_____

UNITED STATES DISTRICT JUDGE

Dated: _May 23, 2014 at 11:00 a.m._

Respectfully Submitted,

**WEIDE & MILLER, LTD.**


_/s/ F. Christopher Austin_____
F. Christopher Austin
Ryan Gile
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

fca-w-0141                                                    5                                    Temporary Restraining Order